SIMMONS HARDWARE Co., Plaintiff and Appellant, v. HEALY & SIEBERT, a partnership composed of JOHN J. SIEBERT AND JOHN DOE, Defendants and Appellees.

No. 3352. Argued January 30, 1925.—Decided April 20, 1925.

1. APPEAL—INTERLOCUTORY ORDER—CHANGE OF VENUE.—When an order denying a change of venue is appealed from the principal proceeding is subject to the result of the appeal.

District Court of Mayagüez, Angel Acosta, J. Order overruling motion for execution of judgment. *Affirmed.*

*Harry F. Besosa* for the appellant. *José Sabater* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The plaintiff brought an action in the District Court of

San Juan. A motion for change of venue to the District Court of Mayagüez was overruled. An appeal was taken from that ruling, but, as it did not stay the proceedings, the San Juan court proceeded with the case and rendered a default judgment against the defendants a few days before the decision on appeal. The Supreme Court reversed the order appealed from and granted the change of venue.

No appeal was taken from the default judgment and in the Mayagüez court the plaintiff, in the action so transferred, contended that the question involved had been finally decided and adjudicated by the default judgment. The Mayagüez court decided the question thus raised against the plaintiff, who took the present appeal.

[1] The appellant admits that if an appeal had been taken from the default judgment it would have been reversed by the Supreme Court in accordance with the jurisprudence established in the case of *Santalís* v. *El Zenit,* 28 P.R.R. 649, but contends that as the defendants did not appeal, the judgment became final and is executionable against them.

We hold a contrary view. The jurisprudence cited has a broader significance. In the case of *Santalís* v. *El Zenit, supra,* it was held, following the jurisprudence of California, that although an appeal from an order denying a change of venue does not stay proceedings in the principal action, the action is subject to the result of the appeal, so that if the order is reversed any action taken after its date is ineffective.

The default judgment rendered in this case after the change of venue had been granted was an absolute nullity and it was not necessary to appeal from it. A suit terminated by judgment is not transferred. When the case was sent by the San Juan court to the Mayagüez court in compliance with the judgment of the Supreme Court all action taken after the granting of the motion for a change of venue

had become null and void and the case was transferred to be tried again in accordance with the facts and the law.

The fact that the jurisprudence in the California and Porto Rico cases was established in appeals from judgments is of no importance. A defendant, as in the *Santalís Case,* can proceed with his defense and, if he is defeated, appeal from the judgment, for if the other appeal from the order denying a change of venue should be decided against him, the judgment rendered in the district court may not thereupon become final because of his failure to appeal. For example, if in this case the decision of the Supreme Court on the matter of change of venue had been different, then there is no doubt that the default judgment would have been binding on the defendants, as they took no appeal from it.

The order appealed from must be affirmed.